Benjamín Bbennf/r, J.
Plaintiff husband seeks in this action to annul the marriage contracted in Germany on June 21, 1950, claiming that the defendant wife fraudulently represented inter t to emigrate to this country and to conceive children following the marriage. The defendant wife admits that these were the mutual promises of the parties but asserts that she at no time entertained any fraudulent intent either as to the uttering or the subsequent fulfillment of these promises. She insists that emigration was impossible following the visa applications because of a serious lung ailment and that until her illness she made no effort to prevent conception. The husband’s testimony concerning a checkup of his own virility and his letters, which concede defendant’s illness to be the reason for the delayed voyage, belie his claims of fraud and amply substantiate the truth of the defense. Moreover, the court cannot credit plaintiff’s testimony concerning the alleged meeting in Bremerhaven on February 19, 1954. Plaintiff has thus failed to establish fraud by a fair preponderance of the credible evidence.
While I must deny the relief here sought, I do so most reluctantly. This childless couple has known marital life but briefly and only when the husband, then a seaman, visited Bremer-haven. They have had little physical contact and their meetings were emotionally disturbing occasions. Despite the wife’s present protestations about assuming her wifely duties, the parties were never drawn together by true bonds of matrimony. They are far apart in both the literal and the spiritual sense. They have not seen each other for almost four years and in all likelihood will never again lay eyes upon each other. To cap it all, their latest correspondence has deteriorated into negotiation for plaintiff’s freedom — he offering $100 and she willing to accept $2,000 to accomplish it.
Common sense dictates that the husband, no longer a seaman, be permitted to put an end to the fiction of marriage with the distant spouse. This is not feasible under any pertinent section of the Domestic Relations Law. So, in the instant suit, lacking evidence of the narrowly restricted single ground for divorce, he proceeds to make an unfounded claim of fraud to secure his freedom. Frustrated here, he will in all probability resort to other and perhaps more reprehensible methods to accomplish his purpose. This is the logical though distressing result of our unrealistic and outmoded laws against a merited and *693 socially desirable severance of the marital bond. Such stringency may be warranted where children are involved or where there is a sudden parting following long years of marital life. But there is no justification whatever for forcibly perpetuating a totally hopeless marriage in the case of a childless couple who have been physically separated for an extended period. Until the Legislature liberalizes the divorce law a marriage in name only, such as this, must regrettably be left undisturbed.
Judgment for the defendant. This opinion shall constitute the findings of fact and conclusions of law.